UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| HENRY WAVERLY RIDOUT, and | : | VIOLATIONS: |
| TOYA RIDOUT, | : | 21 U.S.C. § 841(a)(1) and |
| | : | § 841(b)(1)(B)(iv) |
| Defendants. | : | (Unlawful Possession with Intent to |
| | : | Distribute One Hundred Grams or More |
| | : | of a Mixture and Substance Containing |
| | : | a Detectable Amount of Phencyclidine) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute a Mixture and Substance |
| | : | Containing a Detectable Amount of |
| | : | Phencyclidine) |
| | : | |
| | : | FORFEITURE: |
| | : | 21 U.S.C. 853(a), (p) |

## I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

On or about October 21, 2015, within the District of Columbia, **HENRY WAVERLY RIDOUT** and **TOYA RIDOUT** did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance, and the amount of said mixture and substance was one hundred grams or more.

   (**Unlawful Possession with Intent to Distribute One Hundred Grams or More of a Mixture and Substance Containing a Detectable Amount of Phencyclidine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iv))

## COUNT TWO

Between on or about October 15, 2015, and on or about October 22, 2015, within the District of Columbia, **HENRY WAVERLY RIDOUT** did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance.

(**Unlawful Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Phencyclidine**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## FORFEITURE ALLEGATION

1. Upon conviction of the offenses alleged in either Counts One or Two, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses.  The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.   The property subject to forfeiture includes $8,400 in United States currency.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.  has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a), (p))

           A TRUE BILL:

           FOREPERSON.

Attorney of the United States in
and for the District of Columbia.